# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv- 03646

BIOMODAL LIMITED, and
CHILDREN'S MEDICAL CENTER CORPORATION,

    Plaintiffs,

v.

WATCHMAKER GENOMICS, INC.,

    Defendant.

## COMPLAINT AND JURY DEMAND

Plaintiffs biomodal Limited ("biomodal") and Children's Medical Center Corporation ("CMCC") (collectively "Plaintiffs") by and through counsel, file this Complaint for Patent Infringement and Request for Preliminary Injunction against Watchmaker Genomics, Inc. ("Defendant" and/or "Watchmaker") and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for patent infringement under the laws of the United States, 35 U.S.C. § 1, et seq.

2. Defendant Watchmaker has infringed and continues to infringe, directly and indirectly, one or more claims of U.S. Patent Nos. 12,018,320 B2 ("the '320 patent") and 12,291,742 B2 ("the '742 patent")(collectively the "Rao Patents" or the "Asserted Patents"), at least by making or having made, using, offering for sale and selling a product or products that infringe one or more claims of each of the Asserted Patents.

1

3. Through this case, Plaintiffs seek monetary damages as well as preliminary and permanent injunctive relief to address past and ongoing infringement and to protect their significant investment in this technology and patent portfolio.

**PARTIES**

4. Plaintiff biomodal is a corporation organized under the laws of the United Kingdom, with a principal place of business at Chesterford Research Park, Cambridge, CB10 1XL, United Kingdom. biomodal is engaged in the business of developing, manufacturing and selling sequencing and computing platforms that provide genetic and epigenetic information. biomodal is the exclusive licensee of the Asserted Patents.

5. Plaintiff CMCC is a charitable corporation duly organized and existing under the laws of the Commonwealth of Massachusetts and having its principal office at 300 Longwood Avenue, Boston, Massachusetts, 02115, U.S.A. CMCC is the legal co-owner by assignment of the Asserted Patents, which were duly and legally issued by the United States Patent and Trademark Office ("USPTO").

6. Upon information and belief, Defendant Watchmaker is a company organized and existing under the laws of the State of Delaware with a principal place of business located at 5744 Central Ave, Suite 100, Boulder, Colorado 80301, U.S.A. Defendant Watchmaker makes or has made, uses, offers for sale and sells products which, when used as Defendant Watchmaker instructs, infringe one or more claims of the Asserted Patents.

## JURISDICTION AND VENUE

7. This civil action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq.*, including, but not limited to, 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. The Court has both general and specific personal jurisdiction over Defendant Watchmaker because Defendant Watchmaker's principal place of business is located in the State of Colorado and in this judicial district, and Defendant Watchmaker continuously and systematically conducts business in the State of Colorado and in this judicial district.

9. Exercising personal jurisdiction over Defendant Watchmaker in this lawsuit comports with due process and traditional notions of fair play and substantial justice.

10. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b), in that Defendant Watchmaker resides in this judicial district, is subject to personal jurisdiction in this judicial district, and has committed acts of infringement and has a regular and established place of business in this judicial district.

## FACTUAL BACKGROUND

### Plaintiff biomodal and the Patented Technology

11. biomodal is a pioneering company developing multiomics technologies to provide both genetic and epigenetic information using sequencing and computing platforms.

12. biomodal creates technologies and products that focus on epigenetics, which is the study of changes in gene expression that are not encoded in the DNA of the genome, including the ability to distinguish between the four canonical bases (*i.e.,* adenosine ("A"), cytosine ("C"), guanine ("G") and thymine ("T")) and two known modifications of cytosine that occur and are

associated with diseases such as cancer, namely, 5-methylcytosine ("5mC") and 5-hydroxymethylcytosine ("5hmC").

13. biomodal's technologies and products are based on the groundbreaking inventions of Anjana Rao and her team, who were the first to discover that 5hmC was present in the human genome, important to epigenetics, and that the "ten eleven translocation" or "TET" enzymes could be exploited to oxidize 5mC to an oxidized derivative thereof such as, for example, 5hmC.

14. In nature, TET enzymes do not convert all, or more than 98%, of the 5mC of a nucleic acid molecule to an oxidized derivative thereof.

15. TET enzymes are known to further oxidize 5hmC to 5-formylcytosine ("5fC") and 5-carboxylcytosine ("5caC").

16. DNA methylation occurs primarily on cytosine (C) in the human genome. These processes are known to become highly aberrant during tumorigenesis and cancer.

17. The Rao Patents are part of a patent family that was first filed on September 28, 2009, claiming priority to provisional applications filed in 2008 and issuing to inventors Anjana Rao, Mamta Tahiliani, Kian Peng Koh, Suneet Agarwal and Aravind Iyer.

18. The Rao Patents are directed to, among other things, novel compositions and methods for detecting the cytosine methylation status of DNA, including to accurately detect the presence of 5mC and 5hmC.

19. The Rao Patents disclose and claim, among other things, novel methods of using an oxidized epigenetic modification or derivative thereof to identify the epigenetic modification of a nucleic acid molecule or polynucleotide. Such identification methods were an inventive concept and were not routine, well-understood, nor conventional to a person having ordinary skill in the art as of the earliest effective filing date of the Rao Patents.

20. biomodal launched its duet multiomics solution +modC in March 2023, which provides the ability to obtain genetic and epigenetic methylation at single base resolution information from a DNA library in a single workflow.

21. In February 2024, biomodal launched its duet multiomics solution evoC which provides the ability to obtain genetic and epigenetic methylation and epigenetic hydroxymethylation information at single base resolution from a DNA library in a single workflow.

**Plaintiffs' Asserted Patents**

22. This Complaint focuses on two patents in the Rao Family.

23. The '320 patent, entitled "Selective Oxidation of 5-Methylcytosine by TET-Family Proteins," was duly and legally issued on June 25, 2024. The '320 patent is owned by Plaintiff CMCC and The United States of America, as represented by the Secretary, Department of Health & Human Services ("HHS"). A true and correct copy of the '320 patent is attached as Exhibit 1.

24. The '742 patent, entitled "Selective Oxidation of 5-Methylcytosine by TET-Family Proteins," was duly and legally issued on May 6, 2025. The '742 patent is owned by Plaintiff CMCC and HHS. A true and correct copy of the '742 patent is attached as Exhibit 2.

25. biomodal has had an exclusive license to the Rao Patents, which includes the Asserted Patents, since November 28, 2016, by virtue of an exclusive worldwide license agreement for all fields under the Rao Patents. Pursuant to this license, biomodal has the right to bring suit in its own name, at its own expense, and on its own behalf for infringement of the Asserted Patents.

**Defendant Watchmaker's Incorporation of Plaintiffs' Patented Technologies**

26. The allegations provided below are exemplary and without prejudice to Plaintiffs' infringement contentions. In providing these allegations, Plaintiffs do not convey or imply any

particular claim constructions or the precise scope of the claims. Plaintiffs' claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and local rules.

27. Defendant Watchmaker's product that is the subject of this patent infringement action is the Watchmaker DNA Library Prep Kits with TAPS+ (the "Accused Product").

28. The Watchmaker DNA Library Prep Kits with TAPS+ was recently offered for sale to third parties for use in conducting various tests and scientific protocols, including certain products that are used in connection with the study of epigenetics, and more specifically, the study of 5mC and 5hmC.

29. Upon information and belief, Defendant Watchmaker began offering for sale and selling the Accused Product on or about November 5, 2025.

30. The Accused Product is a non-limiting example that was identified based on publicly available information. Plaintiffs reserve the right to identify additional infringing activities, products and services, including, for example, based on information obtained during discovery.

31. As detailed below and in the claim charts submitted herewith (Exhibits 3 and 4), each limitation of at least one claim of each of the Asserted Patents is literally present in the Accused Product, or is literally practiced by Defendant Watchmaker's personnel, agents, customers or others who use the Accused Product in accordance with Defendant Watchmaker's explicit instructions. To the extent that any limitation is not literally present or practiced, each such limitation is present or practiced under the doctrine of equivalents.

32. Defendant Watchmaker has made extensive use of Plaintiffs' patented technologies, including the technology described and claimed in the Asserted Patents. Plaintiffs

are committed to defending its proprietary and patented technology. Plaintiffs request that this Court (i) award damages sufficient to compensate for Defendant Watchmaker's infringement of the Asserted Patents, (ii) deem this case exceptional and (iii) award Plaintiffs their attorneys' fees and costs, and (iv) grant a preliminary and permanent injunction against Defendant to prevent ongoing infringement of the Asserted Patents.

## COUNT I

### (Infringement of U.S. Patent No. 12,018,320)

33. Plaintiffs incorporate by reference and reallege all the foregoing paragraphs of the Complaint as though fully set forth herein.

### Defendant Watchmaker's Direct Infringement

34. Defendant Watchmaker has directly infringed and will continue to directly infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '320 patent, including at least claims 1-4, 6 and 11, including by making or having made, using, importing, offering for sale or selling the Accused Product.

35. By way of nonlimiting example, the Accused Product, when used in accordance with its instructions, meets each and every limitation of at least claims 1, 2, 3, 4, 6 and 11, either literally or under the doctrine of equivalents, as set forth in Exhibit 3 (Claim Chart of the '320 Patent), which is incorporated herein by reference.

### Defendant Watchmaker's Indirect Infringement

36. Upon information and belief, Defendant Watchmaker had actual knowledge of the '320 patent no later than the filing date of this Complaint. Defendant Watchmaker has actual knowledge that its activities constitute direct and indirect infringement of the '320 patent or has willfully blinded itself to the infringing nature of its activities and yet continues its infringing

activities.

37. The Watchmaker protocols and manuals provide explicit instructions resulting in infringement of several claims of the '320 patent. *See* Ex. 3 (Claim Chart).

38. Defendant Watchmaker contributes to others' infringement and is liable for contributory infringement of one or more claims of the '320 patent by making, using, selling, offering for sale and/or importing a patented component or material and/or apparatus used to practice a patented process, constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement and not a staple article or commodity of commerce suitable for substantial non-infringing use.

39. The foregoing description of Defendant Watchmaker's infringement is based on publicly available information. Plaintiffs reserve the right to modify this description and asserted claims, including for example, on the basis of information about the Accused Product obtained during discovery.

40. Plaintiffs have been, are being and will continue to be irreparably harmed, for which there is no adequate remedy at law, unless Defendant Watchmaker is preliminarily and permanently enjoined by this Court.

41. Plaintiffs have incurred and will continue to incur damages as a result of Defendant Watchmaker's infringement of the '320 Patent, in an amount to be determined at trial. Additionally, the willful and deliberate nature of Defendant Watchmaker's infringing activities entitles Plaintiffs to recover trebled actual damages and to recover their attorneys' fees and costs incurred.

## COUNT II

### (Infringement of U.S. Patent No. 12,291,742)

42. Plaintiffs incorporate by reference and reallege all the foregoing paragraphs of the Complaint as though fully set forth herein.

**Defendant Watchmaker's Direct Infringement**

43. Defendant Watchmaker has directly infringed and will continue to directly infringe, either literally and/or under the doctrine of equivalents, one or more claims of the '742 patent, including at least claims 21 and 30, including by making or having made, using, importing, offering for sale or selling the Accused Product.

44. By way of nonlimiting example, the Accused Product, when used in accordance with its instructions, meets each and every limitation of at least claims 21 and 30, either literally or under the doctrine of equivalents, as set forth in Exhibit 4 (Claim Chart of the '742 Patent), which is incorporated herein by reference.

**Defendant Watchmaker's Indirect Infringement**

45. Upon information and belief, Defendant Watchmaker had actual knowledge of the '742 patent no later than the filing date of this Complaint. Defendant Watchmaker has actual knowledge that its activities constitute direct and indirect infringement of the '742 patent or has willfully blinded itself to the infringing nature of its activities and yet continues its infringing activities.

46. The Watchmaker protocols and manuals provide explicit instructions resulting in infringement of several claims of the '742 patent. *See* Ex. 4 (Claim Chart).

47. Defendant Watchmaker contributes to others' infringement and is liable for contributory infringement of one or more claims of the '742 patent by making, using, selling,

offering for sale and/or importing a patented component or material and/or apparatus used to practice a patented process, constituting a material part of the invention, knowing the same to be especially made or adapted for use in an infringement and not a staple article or commodity of commerce suitable for substantial non-infringing use.

48. The foregoing description of Defendant Watchmaker's infringement is based on publicly available information. Plaintiffs reserve the right to modify this description and the asserted claims, including for example, on the basis of information about the Accused Product obtained during discovery.

49. Plaintiffs have been, are and will continue to be irreparably harmed, for which there is no adequate remedy at law, unless Defendant Watchmaker is preliminarily and permanently enjoined by this Court.

50. Plaintiffs have incurred and will continue to incur damages as a result of Defendant Watchmaker's infringement of the '742 Patent, in an amount to be determined at trial. Additionally, the willful and deliberate nature of Defendant Watchmaker's infringing activities entitles Plaintiffs to recover trebled actual damages and to recover their attorneys' fees and costs incurred.

## **JURY DEMAND**

51. Plaintiffs demand a trial by jury on all issues presented in this Complaint so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs ask this Court to enter judgment against Defendant Watchmaker, Defendant Watchmaker's subsidiaries, affiliates, agents, servants, employees, and all persons in active concert or participation with Watchmaker, and grant the following relief:

(A) Judgment in favor of Plaintiffs against Defendant Watchmaker on all Counts of the

Complaint, finding that Defendant Watchmaker has directly and indirectly infringed the Asserted Patents;

(B) A preliminary and permanent injunction in favor of Plaintiffs and against Defendant Watchmaker, enjoining Defendant Watchmaker, its owners, affiliates, officers, directors, managers, agents, servants, employees, trainees, customers and all persons in active concert or participation with them, from continuing to infringe the Asserted Patents, including but not limited to under 35 U.S.C. § 283;

(C) An award of damages adequate to compensate Plaintiffs for Defendant Watchmaker's infringement of the Asserted Patents under 35 U.S.C. § 284;

(D) A determination that Defendant Watchmaker's infringement of the Asserted Patents has been willful and deliberate and award Plaintiffs enhanced damages for willful infringement under 35 U.S.C. § 284;

(E) A determination that this case is "exceptional" under 35 U.S.C. § 285, and award Plaintiffs their attorneys' fees including expenses and interest;

(F) An award of pre-judgment and post-judgment interest on all damages computed;

(G) An award of court costs and attorneys' fees as allowed by applicable law; and

(H) Such other relief as this Court deems fair, just, and appropriate.

Dated:  November 13, 2025

Respectfully submitted,

*/s/Jacob A. Rey*
Jacob A. Rey
Rebecca Graves Payne
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:  (303) 244-1800
Facsimile:  (303) 244-1879
Email:  rey@wtotrial.com
   payne@wtotrial.com

Jill M. Browning (application for admission pending)
P. Branko Pejic (application for admission pending)
Michael J. Fink (application for admission pending)
GREENBLUM & BERNSTEIN, P.L.C.
1950 Roland Clarke Place
Reston, VA 20191
Telephone:  (703) 716-1191
Email:  jbrowning@gbpatent.com
   bpejic@gbpatent.com
   mfink@gbpatent.com

Attorneys for Plaintiffs